UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELTHY SILVA,<br><br>                Plaintiff,<br><br>v.<br><br>RENA HUGHES,<br><br>                Defendant. | Case No. 2:18-cv-00963-GMN-CWH<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

      Pro se plaintiff Welthy Silva brings this civil-rights case under 42 U.S.C. § 1983 against state court Judge Rena G. Hughes. Silva moves to proceed *in forma pauperis*. (IFP Application (ECF No. 1).) Silva submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Silva's request to proceed *in forma pauperis* therefore will be granted. The court now screens Silva's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

    **A.  Screening standard**

      Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Silva alleges that she and her daughter, Annie, appeared before Judge Hughes on June 15, 2016. (Compl. (ECF No. 1-1) at 5.) Silva states she could not afford an attorney to represent her at the hearing because Annie's father, Rogerio Silva, had refused to pay alimony or child support for more than six months and had not reimbursed her for Annie's medical and dental bills. (*Id.*) Silva further alleges she was escorted out of the courthouse by the bailiff approximately three minutes into the hearing. (*Id.*) Silva contends that Judge Hughes terminated her parental rights without any evidence of child abuse and gave Annie to her emotionally abusive father against her will. (*Id.*) According to Silva, Annie suffers from seizures, which tripled in frequency during the "reunification therapy" with her father that was ordered by Judge Hughes. (*Id.*) Silva states that she and Annie have been traumatized by their separation and are both suffering from anxiety and depression. (*Id.*) Silva now sues under 42 U.S.C. § 1983, stating that Judge Hughes took and withheld her property, i.e., her child, without due process of law. (*Id.* at 4.) Silva seeks $500,000 in damages. (*Id.* at 6.)

Judges functioning in their official capacity generally are entitled to absolute immunity from suit. *Brown v. California Dep't of Corr.*, 554 F.3d 747, 750 (9th Cir. 2009). "This

immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity applies to claims arising under § 1983. *Wilson v. Ayers*, No. 2:07-CV-01283-LRH-LRL, 2009 WL 1940102, at *2 (D. Nev. July 7, 2009), aff'd, 470 F. App'x 654 (9th Cir. 2012) (citing *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964)).

Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To determine if a given action is judicial . . . , courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain immunity even when they misinterpret the law or when their actions are erroneous and malicious. *See Wilson*, 2009 WL 1940102, at *2 (collecting cases).

Even liberally construing Silva's complaint, the court finds that the claims against Judge Hughes are barred by judicial immunity. Judge Hughes' actions constituted judicial acts because they were taken as part of her normal function as a state court judge, the events occurred at a court hearing, the events related to a custody case pending before Judge Hughes, and the events were taken in the context of a case pending before Judge Hughes in her official capacity. Silva does not allege facts indicating that Judge Hughes' actions were not judicial acts or that Judge Hughes acted in clear absence of all jurisdiction. Given that Silva's claim is barred by judicial immunity, it does not appear that additional factual allegations would overcome immunity. Regardless, given the deferential standard for amendment in cases involving pro se plaintiffs, the

court will recommend dismissal with leave to amend to state a cognizable claim against Judge Hughes.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Silva's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Silva will not be required to pay the filing fee in this action. Silva is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

IT IS FURTHER ORDERED that the clerk of court must file Silva's complaint (ECF No. 1-1).

IT IS RECOMMENDED that this case be dismissed with leave to amend.

## III. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 10, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE